J. D. PAGE, RESPONDENT, *v.* J. R. LETCHER, ET AL., CONSTITUTING THE UTAH COMMISSION, APPELLANTS.

MULTIPLICATION OF REMEDIES.—ANOTHER PROCEEDING PENDING.— MANDAMUS.—PROHIBITION.—Where *mandamus* proceedings by plaintiff are pending to compel the issuance of a certificate of election, he cannot bring prohibition to prevent the issuance of a certificate to another person, as it is a useless multiplication of remedies.

(No. 574. Decided Feb. 23, 1895. 39 P. R. 502.)

APPEAL from the District Court of the Third Judicial District. Hon. George W. Bartch, *Judge.*

Application of J. D. Page for a writ of prohibition against J. R. Letcher, et al., constituting the Utah Commission. From a judgment awarding a peremptory writ

and from an order denying a new trial, defendants appeal. *Reversed.*

*Messrs. Williams & Van Cott, Mr. H. P. Henderson* and *Mr. O. W. Powers,* for appellants.

*Messrs. Zane & Zane, Messrs. Miner & Hiles* and *Mr. C. W. Bennett,* for respondent.

SMITH, J.:

This was a proceeding in prohibition begun by the plaintiff to prohibit the defendants from issuing a certificate of election to any other person than himself for the office of delegate to the constitutional convention in the county of San Pete. No particular person is designated in the affidavit as being the person to whom any such certificate of election is likely to be issued. It is claimed only that the defendants have illegally and without right opened certain ballot boxes from certain precincts in said county, and have counted the ballots therein contained, for the purpose of determining the number of votes cast at said election for said J. D. Page; that the said ballots so counted by said commission are not the identical ballots, nor all of the ballots which were cast at said election for said J. D. Page, but, by means of said count of said ballots, the said commission are about to and will certify the result of said vote, to the great prejudice of the said J. D. Page, all of which is contrary to law; that the plaintiff has no plain, speedy, or adequate remedy at law. The proceeding in *mandamus* which we have just decided was commenced on December 6, 1894, and pending and undetermined when this case was begun, on December 17, 1894. Both relate to identically the same matters, between the same parties, and were begun in the same court and before the same judge. One proceeding is the exact counterpart of the other. Comp. Laws Utah, § 3743. Judg-

ment in the *mandamus* proceedings was rendered in favor of the plaintiff, and against the defendants, on January 19, 1895; and in this case judgment was also entered in his favor on January 22, 1895. The cases were heard together in this court. 39 Pac. 499.

We do not care to go into a lengthy discussion of this case. This action was a useless multiplication of remedies, if it was a remedy at all. The whole question was before the court in a proceeding of which this is a mere counterpart. There would be as much reason to permit a plaintiff in ejectment, while his suit was pending, to bring an action in equity to enjoin his adversary from asserting a hostile title, as to permit this proceeding; or, to further illustrate, while *mandamus* proceedings were pending against a clerk to compel him to issue an execution in favor of the plaintiff upon a judgment in favor of the plaintiff, to permit also a proceeding in prohibition to prevent him from issuing one in favor of some other person. This kind of multiplication of remedies cannot be permitted. The judgment in one case is just as effectual as a judgment in both. There is but one duty for the defendants to perform, and, when they have performed that duty legally, their functions cease in that respect entirely. When they have performed their duty under the judgment in *mandamus* proceedings, they will no longer possess the power to issue a certificate of election for the office to which the plaintiff was elected; and, if they should do so, their act would be of no more effect than if any other equal number of men holding no official position had done the same thing. We think the court below erred in entertaining this proceeding, and are of the opinion that the judgment should be reversed; that the case should be remanded, with directions to the court below to dismiss the proceedings; respondent to pay the costs of this court and of the lower court.

MERRITT, C. J., and KING, J., concur.